United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE 26TH CORPORATION, et al., <br> Plaintiffs, <br> v. <br> CLEAR RECON CORP., et al., <br> Defendants. | Case No. 18-cv-06662-JST <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** <br><br> Re: ECF No. 11 |

Before the Court is Plaintiffs' motion to remand. ECF No. 11. The Court will grant the motion.

## I. BACKGROUND

Plaintiffs The 26th Corporation and Douglas Whitney filed this case in the Superior Court of California for the County of Santa Clara on September 21, 2018. ECF No. 1 at 12. Defendants J.P. Morgan Securities LLC and JP Morgan Chase Bank, N.A. (collectively, "Defendants") were served on October 5, 2018, and removed this case on November 1, 2018. ECF No. 1 at 3. In their notice of removal, Defendants stated that Defendant Clear Recon Corporation had not "been formally served with the Summons and Complaint based on a review of the information available for the State Court's docket." *Id.*

The complaint alleges the following: A predecessor of J.P. Morgan Securities issued two mortgages on real property located in San Jose, California, and the second mortgage was reassigned to 26th Corporation. *Id.* at 14-15. 26th Corporation was subsequently the highest bidder at a non-judicial foreclosure sale of the property. *Id.* at 15. Plaintiffs' counsel received a letter from Chase stating that the pay-off on the first mortgage was $1,028,531.85, and the reinstatement amount was $444,693.58. *Id.* Plaintiffs wired the full reinstatement amount to

Chase on May 16, 2018. *Id.* at 16. Chase returned the funds on May 23, 2018, "with the explanation that the funds are not sufficient." *Id.* "On May 29, 2018, Defendant Clear Recon Corporation, Trustee caused a Notice of Default to be recorded with respect to CHASE's First Trust Deed loan and the subject property. Said Notice of Default recites a reinstatement amount of $438,664.19."[1] *Id.* The following day, a Chase employee "signed for a certified letter from Plaintiffs' attorney that included a tender of $444,693.58 from attorney's trust account to reinstate the First Trust loan." *Id.* The funds were returned the following day with a statement that, "'The funds aren't enough to pay off the loan.'" *Id.* Chase later responded "that the reinstatement funds 'were returned because a Notice of Default had not yet been recorded. . . .'" *Id.* (ellipsis in original). Clear Recon "recorded a Notice of Trustee's Sale of the [subject] property . . . setting October 4, 2018 as the sale date." *Id.*

Plaintiffs assert five causes of action, all of which arise under California state law: breach of duty under California Code of Civil Procedure section 2942c; promissory estoppel; accounting; unfair business practices; and preliminary injunction. *Id.* at 17-20. Chase removed the complaint on diversity grounds, contending that the amount in controversy exceeds $75,000 and that complete diversity exists between the parties. *Id.* at 3-8. Plaintiffs now move to remand this case to state court.

## II. LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). Diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In addition, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presumed that a cause lies outside this limited jurisdiction,

---

[1] The complaint does not describe why the reinstatement amount in the Notice of Default is less than the reinstatement amount in the letter Plaintiffs' counsel received.

2

and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). The court "resolves all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042.

**III. DISCUSSION**

Plaintiffs have moved to remand based on Defendant Clear Recon's California citizenship. ECF No. 11. Defendants agree that Clear Recon is a California citizen. ECF No. 21 at 2. They oppose the motion to remand on grounds that (1) complete diversity still exists because Plaintiffs are both citizens of Nevada and (2) that, even if one or both Plaintiffs is a California citizen, Clear Recon's citizenship should be disregarded because it is both a nominal and fraudulently joined defendant. *Id.* at 2-8. Plaintiffs failed to file a timely reply, but the Court allowed them to file a late reply. ECF No. 33. Plaintiffs' reply is silent on Plaintiffs' citizenship but repeats their contention that Clear Recon is a non-diverse party. ECF No. 35 at 1. Plaintiffs also dispute that Clear Recon is a nominal or fraudulently joined defendant. *Id.* at 1-3. Neither party disputes that the amount-in-controversy requirement is satisfied.

**A. Consideration of Clear Recon's Citizenship**

The Court first considers whether Clear Recon's citizenship can be disregarded for purposes of the diversity jurisdiction analysis. The Court concludes that it cannot.

Defendants argue that Clear Recon is a nominal party because it has filed in state court a declaration of non-monetary status pursuant to California Civil Code section 2924*l*.[2] However, the declaration was not filed until November 5, 2018 – four days after this case was removed. ECF No. 22 at 4. This was too late for Clear Recon to have become a nominal party under the statute:

---

[2] The Court grants Defendants' request for judicial notice of this court document. ECF No. 22; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

3

> Because removing defendants must show that diversity of citizenship existed at the time of removal, . . . and a party filing a declaration of non-monetary status does not become a nominal party until fifteen days have passed without objection by plaintiffs, courts refuse to ignore the 'nominal' party's citizenship for purposes of diversity jurisdiction when the case is removed to federal court before the fifteen-day objection period has expired.

*Jenkins v. Bank of Am., N.A.*, No. CV 14-04545 MMM (JCx), 2015 WL 331114, at *7 (C.D. Cal. Jan. 26, 2015) (internal quotation marks, alterations, emphasis, and citation omitted). Here, not only was the case removed before the expiration of the fifteen-day objection period; it was removed before the declaration was even filed. The Court therefore does not ignore Clear Recon's citizenship based on its filing of a declaration of non-monetary status in state court.

Defendants also contend that Clear Recon's citizenship should be disregarded because Clear Recon is a nominal party who "[has] no interest in the action, and [is] merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotation marks and citation omitted). But Plaintiffs assert that Clear Recon breached its duties under California Code of Civil Procedure section 2924c,[3] "engaged in unfair competition within the meaning of California Business and Professions Code § 17200," and is liable for money damages. ECF No. 1 at 17, 19, 21. Clear Recon is therefore not simply a nominal party with no interest in the action. *See, e.g.*, *Latino v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02037-MCE, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011) ("[W]hile trustees on a [deed of trust] are often nominal parties, Plaintiff's Complaint contains substantive allegations against Cal-Western and seeks to recover money damages or restitution from all Defendants, including Cal-Western, as well. Accordingly, while Removing Defendants may believe Plaintiff cannot state a claim against Cal-Western, they have failed to show that Cal-Western has been joined in a merely nominal

---

[3] California Civil Code section 2924c(a)(2) provides: "If the trustor, mortgagor, or other person authorized to cure the default pursuant to this subdivision does cure the default, the beneficiary or mortgagee or the agent for the beneficiary or mortgagee shall, within 21 days following the reinstatement, execute and deliver to the trustee a notice of rescission that rescinds the declaration of default and demand for sale and advises the trustee of the date of reinstatement. The trustee shall cause the notice of rescission to be recorded within 30 days of receipt of the notice of rescission and of all allowable fees and costs."

4

capacity." (citations omitted)).

Similarly, Defendants have not met their burden of demonstrating that Clear Recon was fraudulently joined as a defendant. Defendants argue that "the test for fraudulent joinder resembles a Rule 12(b)(6) analysis." ECF No. 21 at 7 (quoting *TPS Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002)). This statement, while true, is incomplete.

> The test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined. . . . If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549-50 (9th Cir. 2018). Consequently, fraudulent joinder is established only if there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* at 549 (emphasis and alteration in original) (quoting *Hunter*, 582 F.3d at 1046).

This is a "heavy burden" that Defendants have not satisfied. *Hunter*, 582 F.3d at 1046. Although Defendants correctly observe that the complaint's only factual allegations concerning Clear Recon are that it caused a notice of default to be recorded and that it subsequently recorded a notice of trustee's sale, ECF No. 1 at 16, they have not presented any argument, let alone persuaded the Court, that there is no possibility that Plaintiffs can state a claim against Clear Recon under section 2924c, for unfair business practices, or otherwise. *See, e.g.*, *Alkana v. ING Bank, F.S.B.*, No. 10-04079 MMM (VBKx), 2010 WL 11601042, at *4-6 (C.D. Cal. July 30, 2010) (declining to consider trustee as fraudulently joined based in part on defendant's failure to show that, if given leave to amend, plaintiff could not state a claim against the trustee under section 2924c). The Court will consider Clear Recon's undisputed California citizenship in determining whether diversity jurisdiction exists.

### B. Complete Diversity

Defendants argue that even if Clear Recon's California citizenship is considered, complete

diversity still exists because both Plaintiffs are citizens of Nevada. ECF No. 21 at 2. However, they have failed to persuade the Court that neither Plaintiff is a citizen of California.

For purposes of diversity jurisdiction, a corporation is considered a citizen of every state in which it has been incorporated and of the "state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendants assert that the 26th Corporation is both incorporated in and has had its principal place of business in Nevada. ECF No. 1 at 4. For support, they cite to the complaint and to the "Nevada Secretary of State Entity Detail for Plaintiff 26th Corporation." *Id.* But neither of these documents contains any information about the 26th Corporation's principal place of business. The entity detail indicates only that the 26th Corporation is registered in Nevada and has a registered agent and officers with a Nevada address. *Id.* at 26-27. And the complaint alleges only that the 26th Corporation "is a Nevada Corporation doing business in the County of Santa Clara, California." *Id.* at 13. Because the 26th Corporation's principal place of business is unknown, the Court cannot determine its citizenship.

As to Plaintiff Whitney, the complaint is silent as to his citizenship and alleges only that he "is an individual and the sole owner and officer of Plaintiff 26th Corp." *Id.* Defendants argue that Whitney is a citizen of Nevada because "[t]he Nevada Secretary of State Entity Detail for Plaintiff 26th Corporation shows Plaintiff Whitney's address as 5606 Riggins Court, Suite 200, in Reno, Nevada." ECF No. 1 at 4. However, that document lists the same address for the 26th Corporation's registered agent, Corporate Service Center, Inc., and for another officer of the corporation. *Id.* at 26. From these facts, the Court cannot conclude that Riggins Court is a residential address as opposed to a business address. Moreover, a "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendants have presented no evidence of Whitney's residence, let alone his domicile, and the Court therefore also cannot determine his citizenship.

Because Defendants have not persuaded the Court that neither Plaintiff is a citizen of California, they have failed to meet their burden of demonstrating complete diversity.

**CONCLUSION**

Plaintiffs' motion to remand is granted. This matter is hereby remanded to the Superior Court of California for the County of Santa Clara. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 6, 2019



JON S. TIGAR
United States District Judge